IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Gary Wayne Presley, ) | Case No. 8:13-cv-0952-RMG-JDA |
| ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Petitioner, ) | **OF MAGISTRATE JUDGE** |
| ) | |
| v. ) | |
| ) | |
| The State of South Carolina and ) | |
| Ronaldo Myers, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

This matter is before the Court on Petitioner's motions for summary judgment [Doc. 24], to amend the Petition [Doc. 58], and to expedite [Doc. 76]; and Respondent Ronaldo Myers' ("Myers") motion to dismiss [Doc. 28]; and Respondent State of South Carolina's (the "State"; together with Myers, "Respondents") motion for summary judgment [Doc. 45]. Petitioner, proceeding pro se, is a state prisoner seeking relief under 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review petitions for relief made under 28 U.S.C. § 2241 and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on April 8, 2013.[1] [Doc. 1.] On June 7, 2013, Petitioner filed his motion for summary judgment. [Doc. 24.] Each Respondent filed a response to the motion [Docs. 47, 48], and Petitioner filed a reply

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, construing the filing date in the light most favorable to Petitioner, this action was filed on April 8, 2013. [Doc. 1-2 (envelope marked received by correctional institution on April 8, 2013).]

1

[Doc. 55]. On June 24, 2013, Myers filed a motion to dismiss. [Doc. 28.] On June 25, 2013, the Court issued an Order in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment/dismissal procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 30.] Petitioner filed two responses in opposition to Myers' motion [Docs. 38, 43], and Myers filed two replies [Docs. 40, 54]. On July 24, 2013, the State filed a motion for summary judgment. [Doc. 45.] The Court issued a Roseboro Order for that motion on July 25, 2013. [Doc. 51]. Petitioner filed two responses to the motion for summary judgment [Docs. 62, 69]. Petitioner filed his motion to amend on September 9, 2013 [Doc. 58], and his motion to expedite on October 25, 2013 [Doc. 76].

Having carefully considered the parties' submissions and the record in this case, the Court recommends that Respondents' motions be granted and the Petition be dismissed.

## **BACKGROUND**

On January 23, 2011, Magistrate Judge Donald J. Simons issued an arrest warrant for Petitioner in Eastover, South Carolina. [Doc. 1-1 at 1.] SLED Agent Michael Prodan signed an affidavit as probable cause for the warrant, averring that Petitioner conspired with three others to falsely assert the authority of law by sending documents from the "Central Assemblies Union of the Several States" to the South Carolina Supreme Court, intending to create the belief that such documents were sent by an authorized court. [Doc. 46-1.] Petitioner was charged with impersonating and asserting authority to intimidate or hinder an official by threat or harassment and was indicted on March 9, 2011, for falsely asserting authority of law in violation of South Carolina Code

16-17-735(D). [Doc. 1-1 at 1, Doc. 46-3.] On March 11, 2011, South Carolina Governor Nikki Haley signed a governor's warrant for Plaintiff's extradition from Alabama to South Carolina [Doc. 1-1 at 2] and on March 29, 2011, Alabama Governor Robert Bentley issued an arrest warrant and ordered Petitioner delivered to the duly authorized agent of the State of South Carolina [*id.* at 3]. Governor Haley's warrant alleged that Petitioner was charged with unlawfully and falsely asserting the authority of law and criminal conspiracy for acts that occurred on August 2, 2010. [*Id.* at 2.] The warrant averred that Petitioner "while outside the State of South Carolina, committed acts which constitute a crime in this State and he is to be found in the State of Alabama." [*Id.*] Governor Bentley's warrant referred to Petitioner as a "fugitive" who has "fled from justice and taken refuge in the State of Alabama." [*Id.* at 3.] Petitioner was extradited to South Carolina and was incarcerated at the Alvin S. Glenn Detention Center ("ASGDC"), where Myers is director, pending trial on his charges. [Doc. 1.] Petitioner was then moved to the Lexington County Detention Center. [Doc. 58.] Petitioner was released on a personal recognizance bond on October 24, 2013, and his trial is set for November 12, 2013.[2]

In his Petition and various other pleadings, Petitioner argues that his detention in the State is not valid because he was not in fact a fugitive from justice when he was extradited from Alabama. [*See generally* Doc. 1, 24.] Specifically, Petitioner attaches the envelope that he admits he sent from Alabama to the Supreme Court of South Carolina, which included fraudulent documents for which he was charged in the

---

[2] Though Petitioner has been released on a recognizance bond, he is still "in custody" for purposes of habeas corpus relief. *Hensley v. Municipal Court*, 411 U.S. 345 (1973) (holding that a petitioner released on his own recognizance was still in custody because he was "subject to restraints not shared by the public generally" and obliged 'to appear at all times and places as ordered by any court or magistrate of competent jurisdiction" (internal quotations and citations omitted). Here, Petitioner has been released on bond and is required to appear for trial. Therefore, his habeas claim remains ripe for adjudication.

3

underlying criminal action. [Doc. 1-1 at 5.] Petitioner asserts this evidence shows definitively that he was not in South Carolina on the date alleged. Petitioner argues that it is impossible for him to be a fugitive from justice because he "was not bodily or personally present within the jurisdictional territorial bounds of South Carolina" on the date that the alleged crime was committed. [Doc. 24 at 2.] Petitioner filed a writ of habeas corpus before the South Carolina Supreme Court, which was denied on March 11, 2013, pursuant to *Gibson v. State*, 495 S.E.2d 426 (1998).

## APPLICABLE LAW

**Liberal Construction of Pro Se Pleadings**

Plaintiff brings this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* complaint may still be subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support her claim and entitle her to relief. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and

5

> conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S.

228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

### *Younger* Abstention

This case is Petitioner's second application for habeas corpus relief pursuant to § 2241 with this Court.[3] Plaintiff's initial petition was filed on June 22, 2011, and challenged the validity of the South Carolina arrest warrants and claimed that the State had no jurisdiction over him. *Presley v. Myers*, Case No. 8:11-cv-1553-TLW-JDA

---

[3] Petitioner also filed a case arising from these same facts under 42 U.S.C. § 1983. *Presley v. Prodan, et al.*, Case No. 3:12-cv-3511-CMC-JDA (D.S.C. 2012). That case was dismissed under principles of immunity and for failure to state a claim. *Id.*

8

(D.S.C. 2011). The Court determined that it should abstain from hearing the petition under *Younger v. Harris*, 401 U.S. 37 (1971).[4] *Id.* at [Doc. 27].

In *Younger*, the Supreme Court counseled that federal courts should not interfere with state criminal proceedings absent extraordinary circumstances, namely that the movant has no adequate remedy at law and will suffer irreparable injury without equitable relief. *Younger*, 401 U.S. at 43-44. Courts have applied a three part test in determining whether Younger abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Previously, this Court determined that all three factors were met in Petitioner's case. *Presley*, [Docs. 20, 24.] As to the first factor, Petitioner acknowledged that he was involved in ongoing state proceedings. *Id.* In considering the second and third factors, the Supreme Court has made clear that states' rights in administering their criminal justice systems implicate important state interests and that typically state criminal proceedings provide an adequate forum for vindicating federal constitutional rights. Id. (citing *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) and *Kugler v. Helfan*, 421 U.S. 117, 124 (1975)). Further, the Court determined that Petitioner had not alleged any special circumstances because he was able to pursue his constitutional

---

[4] Petitioner states in his Petition that his last §2241 action was dismissed for failure to exhaust state remedies and therefore has attached his filed habeas petition with the South Carolina Supreme Court. [Doc. 1.] However, the Court did not reach whether Petitioner had exhausted his state remedies in the last case because, as noted, the Court determined abstention was appropriate and therefore did not consider either the procedure or the merits of the case.

rights in both the state proceeding and post-trial. *Id.* Therefore, Petitioner's case was dismissed without prejudice. *Id.*

To the extent Petitioner attempts to raise these same arguments in his current Petition, the above analysis applies and *Younger* abstention is still appropriate. Petitioner admits that state court proceedings are ongoing. [Doc. 77.] The proceedings implicate the important state interest in its criminal justice system and Petitioner has made no allegation that he cannot raise these issues with the state court. Therefore, the Court should abstain from considering Petitioner's claims to the extent they implicate his detention or pending charges in South Carolina.

**Mootness**

In contrast to his last petition, here Petitioner appears to focus his challenge on the validity of his extradition from Alabama (the asylum state) to South Carolina (the demanding state), because he argues he was not a "fugitive" as required by law for extradition. Habeas corpus relief is available to challenge extradition. 39 C.J.S. Habeas Corpus § 207 (2013). Extradition is enshrined in the Constitution, which provides that

> a person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the state having Jurisdiction of the Crime.

U.S. Const. art. IV, § 2, cl. 2.

"[U]nder habeas corpus proceedings the courts may inquire whether the prisoner really falls under the conditions of the federal statute, that is, whether he is subject to extradition." *King v. Noe*, 244 S.C. 344, 347, 137 S.E.2d 102, 103 (1964). "Under the provisions of the federal Constitution and statutes enacted in aid thereof, it is essential

10

that the person whose return is sought be a fugitive from justice, and in the absence of a statute requiring him to do so, a governor may not surrender one who is charged with crime in, but is not an actual fugitive from, another state." *Id.* The *King* court found that actual presence in the demanding state is essential to be deemed a fugitive; if a person is only "constructively" within a state "committing a crime against it while not personally within its borders, he has not fled from it and is not a fugitive from justice." *Id.* at 348.

In considering a habeas petition regarding extradition, "[a] governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met." *Michigan v. Doran*, 439 U.S. 282, 289 (1978). The habeas court in the asylum state is limited in its review and should consider only four factors once the governor has granted extradition

> (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive.

*Id.* A fugitive relying on the habeas statute, however, must make his habeas challenge *before* being extradited to the demanding state. *Gee v. St. of Kansas*, 912 F.2d 414, 416 (10th Cir. 1990). Here, Petitioner alleges that he did challenge his extradition with the Alabama Court of Criminal Appeals through a writ of habeas corpus on May 17, 2011, Case No. CR-10-1170. [Doc. 1-3 at 9.] He claims he was brought to South Carolina on May 20, 2011, before his claim was heard in Alabama, and his case was dismissed on June 3, 2011, for failure to respond. [*Id.*] Petitioner argues he should not have been extradited because he had not fled from South Carolina, was not in South Carolina on the date of the crime, and thus was not a fugitive as defined under the Constitution.

Respondents argue that Petitioner's habeas challenge to his extradition is moot. The Court agrees. "Once a fugitive has been brought within the custody of the demanding state, legality of extradition is no longer [the] proper subject of any legal attack by him." *Siegel v. Edwards*, 566 F.2d 958, 960 (5th Cir. 1978) (citing *Johnson v. Buie*, 312 F.Supp. 1349 (W.D. Mo. 1970)); *Harden v. Pataki*, 320 F.3d 1289, 1299 (11th Cir. 2003) (citing with approval *Siegel* and *Johnson*). After the fugitive is returned to the demanding state, the right to challenge extradition is moot. *Harden*, 320 F.3d at 1299 (quoting *Barton v. Norrod*, 106 F.3d 1289, 1298 (6th Cir. 1997)). This conclusion does not change because Petitioner alleges that he filed a habeas petition in Alabama. For instance, in *Harrison v. U.S. Marshall Service*, the petitioner filed a petition for habeas corpus in the Northern District of Georgia, challenging his extradition to New Hampshire. Case No. 1:08-cv-2991-TWT, 2009 WL 113418 (N.D. Ga. Jan. 15, 2009). After the filing of the petition in Georgia but before its review, the petitioner was extradited to New Hampshire. *Id.* The habeas court in Georgia dismissed the petition as moot, finding there were no remedies for the court to provide. *Id.* Similarly, in *Thurston v. Hawaii*, a petitioner challenged his extradition from Utah to Hawaii. Case No. 13-00256-DKW-BMK, 2013 WL 2637827 (D. Haw. June 12, 2013). There, the petitioner challenged his detention in Utah but was extradited before review. *Id.* at *1. The petitioner filed a subsequent petition with the District of Hawaii, which the Hawaiian court dismissed as moot because petitioner had been returned to the demanding state. *Id.* at *3.

The same analysis is applicable here. Petitioner has already been extradited from Alabama to South Carolina. No further relief is available for Plaintiff's challenge of

12

his extradition.  "Moreover, extradition *procedures,* even if they violate federal rights, have no bearing, direct or implied, on the underlying guilt or innocence of the person extradited."  *Harden*, 320 F.3d at 1297 (emphasis in original).  Petitioner may challenge South Carolina's jurisdiction over him, but as discussed above, he must do so in the underlying state proceeding.  Any habeas claim as to his extradition should be dismissed as moot.

**Motion to Amend**

A writ of habeas corpus may be amended pursuant to 28 U.S.C. § 2242, which provides that the petition may be supplemented or amended in accordance with the rules of civil procedure.  Therefore, leave to amend a petition is to be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, leave need not be given if, among other reasons, the amendment is in bad faith, causes undue prejudice to the other party or would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Here, as the Court has found that the portion of the Petition challenging the extradition is moot and any portion challenging South Carolina's jurisdiction over Petitioner is barred by *Younger*, Petitioner's request to amend the Petition to include the sheriff of Lexington County because of Petitioner's transfer to the Lexington County Detention Center would be futile and should be denied.

**Motion to Expedite**

Petitioner's motion to expedite essentially restates the arguments set forth in his Petition and requests that the Court grant him relief because Respondents have put forth no evidence to refute his claims.  He states that "the time to act is now.  [Doc. 76 at

13

5.] The Court has considered all of Petitioner's arguments and recommends that the motion be denied as moot.

## **CONCLUSION**

Wherefore, based upon the foregoing, the undersigned recommends that the Respondents' motions be granted, Petitioner's motions be denied and the Petition be dismissed.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

November 6, 2013
Greenville, South Carolina